UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| ANDREW JOSEPH SMITH,<br>    Plaintiff,<br><br>v.<br><br>STATE OF RHODE ISLAND,<br>    Defendant. | C. A. No. 17-480-JJM-PAS |

ORDER

This Court has reviewed the Complaint pursuant to 28 U.S.C. § 1915[1] and finds that it fails to state a claim upon which relief can be granted. Accordingly, the Court does not have subject matter jurisdiction, and the Complaint must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In essence, Andrew Smith complains about actions of a state court, the Rhode Island Family Court, in his divorce proceedings. According to the Complaint, those proceedings are still pending. Under the doctrine espoused by *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny, there exists "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Courts may abstain from hearing a matter under the *Younger* doctrine where "(1) the requested relief would 'interfere with . . . ongoing state judicial

---

[1] The Court grants Mr. Smith's motion to proceed in forma pauperis (ECF No. 2).

1

proceedings;' (2) such proceedings 'implicate important state interests;' and (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Sam M. ex rel. Elliott v. Chafee*, 800 F. Supp. 2d 363, 377 (D.R.I. 2011) (quoting *Rossi v. Gemma*, 489 F.3d 26, 34–35 (1st Cir. 2007)).

Mr. Smith seeks compensatory and punitive damages for alleged violations of his constitutional rights. A damage award "may interfere with a state proceeding because it can have the same practical effect as a declaratory judgment: the federal court has produced a ruling on the merits that the federal plaintiff can then use to alter the state proceeding." *Rossi*, 489 F.3d at 37. The Court finds that the award sought by Mr. Smith would so interfere with the state proceedings at issue here. Furthermore, the Court finds that the proceedings in the Rhode Island Family Court implicate important state interests (specifically, those of marriage and divorce). Finally, Mr. Smith has an adequate opportunity in the state proceedings to raise constitutional challenges, including on appeal to the Rhode Island Supreme Court. For these reasons, the Court must abstain under *Younger*.

In any event, the named defendants are immune from suit. At various points in his Complaint, Mr. Smith has named as defendants the State of Rhode Island, the Rhode Island Family Court, and Rhode Island Family Court Judge Patricia K. Asquith. The State of Rhode Island has sovereign immunity from suit under the Eleventh Amendment to the United States Constitution. As far as the Family Court itself as a named defendant, Mr. Smith has only pled allegations concerning actions taken by judges in their judicial capacities. "Only judicial actions taken in the clear

absence of all jurisdiction will deprive a judge of absolute immunity." *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989). Mr. Smith has not pled the absence of jurisdiction or that any of the acts taken by Family Court judges were not judicial in nature. *See id.*

For the foregoing reasons, the Court lacks jurisdiction over this case. The Complaint is hereby DISMISSED.

IT IS SO ORDERED:

_____
John J. McConnell, Jr.
United States District Judge

October 24, 2017